In the Matter of the Judicial Settlement of the First Intermediate Account of EUGENE L. BUSHE and EDWARD P. DWYER, as Surviving Trustees under the Last Will and Testament of FREDERICK T. ADAMS, Deceased.

HARRIET M. DWIGHT and THOMAS H. LOW, as Executors, etc., of ALPHEUS C. DWIGHT, Deceased, Appellants; EUGENE L. BUSHE and EDWARD P. DWYER, as Surviving Trustees, etc., and ORLIFF T. HEATH, as Special Guardian, Respondents.

Third Department, July 1, 1918.

**Executors and administrators — right of estate of deceased testamentary cotrustee to commissions.**

The estate of a deceased testamentary cotrustee who died prior to the taking effect of the amendment by chapter 443 of the Laws of 1914, revising and enacting the Surrogates' Courts Act, is entitled under section 3320 of the Code of Civil Procedure, then in force, to receive one-half

commissions on all principal received and on all principal paid out, and like commissions on all income received and on all income paid out each year during the period of his trusteeship.

APPEAL by Harriet M. Dwight and another, as executors, from a decree of the Surrogate's Court of the county of Greene, entered in the office of said Surrogate's Court on the 16th day of May, 1917, settling the accounts herein.

*Thomas H. Low* [*Leonard A. Warren* of counsel], for the appellants.

*Osborn, Bloodgood & Wilbur* [*Frank H. Osborn* of counsel], for the respondents Bushe and Dwyer, as surviving trustees, etc.

*Orliff T. Heath,* special guardian for the infant parties, respondents.

LYON, J.:

The question in dispute is as to the commissions allowable to the estate of a testamentary trustee dying prior to September 1, 1914, the date of the taking effect of chapter 443 of the Laws of that year, revising and enacting the Surrogates' Courts Act.

Pursuant to a decree of the Surrogate's Court of the county of Greene of date July 15, 1913, judicially settling and allowing the accounts, to December 31, 1912, of the three executors of the will of Frederick T. Adams, deceased, there was turned over to the same three persons as trustees under the will certain securities and moneys, and they later received and paid out principal and income at the times and in the amounts hereafter stated. One of the trustees, Alpheus C. Dwight, died August 5, 1914. Following his death the surviving trustees continued to discharge the duties of the trust, and on January 31, 1917, filed an account of the proceedings of the trustees from December 31, 1912, to December 31, 1915, and sought a judicial settlement of their accounts. The executors of the deceased trustee were cited and appeared upon the accounting. In May, 1917, the surrogate, holding that the estate of the deceased coexecutor was not entitled to commissions, but to only an award for services, made the decree appealed from, judicially settling and allowing said account and directing payment to the appellants as executors

of the deceased trustee of $1,998.75 in full of the compensation to which the estate was entitled. The appellants, claiming that the award to them should have been of one-half the full statutory commissions upon so much of the principal and income of the trust estate as was received during the trusteeship of the deceased cotrustee, and also like commissions on the principal and income paid out during that time, have taken this appeal.

During the period of the trusteeship section 3320 of the Code of Civil Procedure was in force. This section fixed the commissions to which testamentary trustees were entitled as compensation for services for receiving and paying out both principal and income. Full commissions were to be allowed to each trustee, not exceeding three, when the trust estate equalled or exceeded $100,000. The provisions of this section have uniformly been construed as granting one-half of such commissions for receiving, and the other one-half for paying out the funds. (*Matter of Willets,* 112 N. Y. 289, 297.) It has also been held that where specific personal property had been given to trustees in trust to receive the rents and profits for the benefit of a life beneficiary, and such securities were received and held by the trustees, they were entitled to one-half commissions for receiving the property, immediately upon receiving it. (*Robertson* v. *De Brulatour,* 111 App. Div. 882; affd., 188 N. Y. 301; *Olcott* v. *Baldwin,* 190 id. 99.) Similarly the right of trustees to commissions for paying out funds accrues immediately upon making the payments. While section 3320 was amended in 1915 (Chap. 631) by excluding testamentary trustees from its application, the amendment of section 2753 by chapter 596 of the Laws of 1916 restored in substance the provision for commissions to testamentary trustees formerly contained in section 3320, and was in force at the time of the accounting.

We think the estate of the deceased cotrustee was entitled to receive one-half commissions on all principal received and on all principal paid out, and like commissions on all income received and on all income paid out each year during the period of his trusteeship, to wit, on $764,542.03, total principal received, and on $1,138.42, principal paid out, such commissions amounting to $3,944.44; on $35,849.57, income received,

and on $31,551.50, income paid out in 1913; on $24,058.60, income received, and on $21,331.70, income paid out in 1914, the total commissions on income being $943.96.

The decree of the surrogate should be modified in accordance with this opinion, and as so modified affirmed, with costs to the appellants payable out of the principal of the estate.

Decree modified as per opinion and as so modified unanimously affirmed, with costs to the appellants payable out of the estate.